UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAI THAI,<br><br>  Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>  Respondents. | Case No.: 3:25-cv-02436-RBM-MMP<br><br>**ORDER TO SHOW CAUSE AND GRANTING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. 3]** |

On September 17, 2025, Petitioner Hai Thai ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) In his Petition, Petitioner claims that he is being detained by Immigration and Customs Enforcement ("ICE") in violation of the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231; ICE's own regulations; the Fifth Amendment; and the Administrative Procedures Act. (*Id.* at 2, 9–17.[1]) Petitioner also claims that ICE may not remove him to a third country without adequate notice and an opportunity to be heard. (*Id.* at 17–20.)

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

1

  The same day, Petitioner filed a Notice of Motion and Memorandum of Law in Support of a Temporary Restraining Order ("TRO") "(1) reinstating Petitioner's release on supervision and (2) prohibiting the government from removing him to a third country without an opportunity to file a motion to reopen with an [Immigration Judge]." (Doc. 2 at 2.) Petitioner's TRO largely repeats the allegations from his Petition. (*See id.* at 4–6.) Petitioner then argues that he meets the requirements for TRO relief, including a likelihood of success on the merits and irreparable harm. (*Id.* at 6–13.)

  Petitioner also filed a Motion for Appointment of Counsel, in which Petitioner asks this Court to appoint Federal Defenders of San Diego, Inc. as counsel for Petitioner. (Doc. 3 at 1.) Petitioner asserts that he has a strong claim for release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) but that *Zadvydas* cases are complex and often require an evidentiary hearing. (*Id.*) Petitioner therefore asserts the Federal Defenders of San Diego, Inc. "is routinely appointed to represent immigrants in bringing *Zadvydas* claims." (*Id.* at 1–2.)

## I. **ORDER TO SHOW CAUSE**

  Having reviewed the Petition and the accompanying TRO, the Court finds summary dismissal of the Petition and the accompanying TRO is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted).

  Accordingly, Respondents are **ORDERED TO SHOW CAUSE** no later than **Thursday, September 25, 2025 at 4:30 p.m.** why the Petition and the accompanying TRO should not be granted by: (1) filing a written return; (2) filing copies of all documents, orders, and transcripts relevant to the Petition; and (3) filing a memorandum of law and fact fully stating Respondents' position and making a recommendation regarding the need for an evidentiary hearing on the Petition. If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than **Tuesday, September 30, 2025 at 4:30 p.m.**. Unless the Court orders otherwise, this matter thereafter will be taken under submission and decided on the papers without oral argument pursuant to Civil Local Rule

7.1(d)(1).

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL TRANSMIT** to the United States Attorneys' Office a copy of the Petition (Doc. 1), the TRO (Doc. 2), and the Motion for Appointment of Counsel (Doc. 3), and this Order.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who … (B) is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).  The appointment of counsel is then left to the sound discretion of the magistrate judge or the District Court.  *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).

Having reviewed the Petition, the TRO, and the Motion for Appointment of Counsel, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel.  Petitioner is correct that Federal Defenders of San Diego, Inc. is routinely appointed to represent immigrants in *Zadvydas* cases like this one.  *See e.g.*, *Bui v. Warden of the Otay Mesa Detention Facility*, Case No. 3:25-cv-02111-JES-DEB, ECF No. 7 (S.D. Cal. Sept. 11, 2025); *Hersi v. Mayorkas*, Case No. 3:24-cv-0299-JES-DDL, ECF No. 8, (S.D. Cal. April 8, 2024); *Severino-Zuniga v. Att'y Gen.*, Case No. 17-CV-0529-AJB-KSC, 2017 WL 9916027, at *2 (S.D. Cal. July 6, 2017); *Chen v. Napolitano*, No. 09cv563-IEG-NLS, 2009 WL 857628, at *1 (S.D. Cal. Mar. 27, 2009); *Tran Cam Liu v. Chertoff*, Civil No. 07CV1654 JAH (RBB), 2007 WL 2429754, at *3 (S.D. Cal. Aug. 24, 2007); *Castrillon v. Dep't of Homeland Sec.*, CASE NO. 05CV1552-BEN (NLS), 2006 WL 8448314, at *2 (S.D. Cal. Jan. 31, 2006).

///

///

1 **IT IS SO ORDERED.**

2 DATE: September 22, 2025

*[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE